PAUL J. ANDRE, California State Bar No. 196585
(pandre@perkinscoie.com)
LISA KOBIALKA, Bar No. 191404
(lkobialka@perkinscoie.com)
RADHIKA TANDON, Bar No. 209126
(rtandon@perkinscoie.com)
SHREYA RAMCHANDANI, Bar No. 232041
(sramchandani@perkinscoie.com)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:    (650) 838-4300
Facsimile:    (650) 838-4350

Attorneys for Plaintiff
ULTRA CLEAN TECHNOLOGY SYSTEMS
AND SERVICE, INC.

ORIGINAL FILED
SEP 0 2 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELERITY, INC., <br><br> Defendant. | CASE NO. C05 03560 BZ <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY <br><br> DEMAND FOR JURY |

   Plaintiff Ultra Clean Technology Systems and Service, Inc. ("Ultra Clean"), by their undersigned attorneys, for their complaint against defendant Celerity, Inc. ("Celerity"), allege on personal knowledge as to its own acts and on information and belief as to the actions of others, as follows:

### THE PARTIES AND PATENTS-IN-SUIT

   1.   Ultra Clean is a Delaware corporation with its principal place of business in Menlo Park, California.

---

COMPLAINT FOR DECLARATORY JUDGMENT                                    [BY052450.037]

2. Ultra Clean designs and manufactures gas delivery systems that control the high purity gases used in the processing of semiconductor devices.

3. Ultra Clean is informed and believes that Celerity is a California corporation with its principal place of business in Milpitas, California.

4. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,142,539, entitled "Gas Panel," issued on November 7, 2000 ("the '539 patent"). A true and correct copy of the '539 patent is attached as Exhibit A.

5. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,189,570, entitled "Gas Panel," issued on February 20, 2001 ("the '570 patent"). A true and correct copy of the '570 patent is attached as Exhibit B.

6. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,192,938, entitled "Gas Panel," issued on February 27, 2001 ("the '938 patent"). A true and correct copy of the '938 patent is attached as Exhibit C.

7. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,293,310, entitled "Gas Panel," issued on September 25, 2001 ("the '310 patent"). A true and correct copy of the '310 patent is attached as Exhibit D.

8. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,394,138, entitled "Manifold system of removable components for distribution of fluids," issued on May 28, 2002 ("the '138 patent"). A true and correct copy of the '138 patent is attached as Exhibit E.

9. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,435,215, entitled "Gas Panel," issued on August 20, 2002 ("the '215 patent"). A true and correct copy of the '215 patent is attached as Exhibit F.

10. Ultra Clean is informed and believes that Celerity is the owner of all right, title and interest in U.S. Patent No. 6,474,700, entitled "Gas Panel," issued on November 5, 2002 ("the '700 patent"). A true and correct copy of the '700 patent is attached as Exhibit G.

///
///

COMPLAINT FOR DECLARATORY JUDGMENT                                              [BY052450.037]

## JURISDICTION AND VENUE

11. A case or actual controversy now exists between the parties, within the meaning of 28 U.S.C. § 2201, as to whether Ultra Clean infringes any valid claim of the '539 patent, the '570 patent, the '938 patent, the '310 patent, the '138 patent, the '215 patent and the '700 patent (collectively "the patents-in-suit").

12. Jurisdiction over the subject matter is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

13. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b), as this is a judicial district in which a substantial part of the events giving rise to the claims occurred. Ultra Clean is informed and believes that Celerity conducts business on a regular basis in this judicial district and resides in this judicial district.

## INTRA DISTRICT ASSIGNMENT

14. This action is properly filed in the San Jose Division of the U.S. District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) and (e) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in San Mateo County.

## FACTS

15. Ultra Clean received a letter dated March 29, 2005 where Celerity stated that it became aware of Ultra Clean's modular substrate design and that it had a "substantial patent portfolio in this area." Ultra Clean responded on April 22, 2005, stating that it reviewed Celerity's patent portfolio and concluded there was no infringement of any of the patent claims.

16. Ultra Clean received another letter from Celerity dated August 23, 2005, in which Celerity stated that it is the owner of the patents-in-suit. According to Celerity, these patents "broadly cover fluid distribution systems, including manifold blocks, gas panels and systems."

17. In the same letter, Celerity claimed that it had the opportunity to observe Ultra Clean's recently-introduced integrated gas-delivery substrate called the Predator™ and that the Predator™ substrate designs appear to be covered by one or more claims of the patents-in-suit.

1 | Celerity further alleged that any offer, sale or installation of the Predator™ substrate designs place both Ultra Clean and its customers who use those designs "at risk" and that Ultra Clean's conduct may be considered willful infringement.

18. Celerity demanded that Ultra Clean "cease any and all commercial activity involving the Predator™ substrate designs" and confirm Ultra Clean's compliance within twenty (20) days from August 23, 2005 with Celerity's demand.

19. Celerity has engaged in conduct giving rise to a reasonable apprehension on the part of Ultra Clean that it, and its actual and prospective customers, will face patent infringement lawsuits for any commercial activity relating to the Predator™ substrate designs, including any offer, sale or installation of the Predator™ substrate designs and that such lawsuits are imminent.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment For Non-Infringement of the Patents-In-Suit)

20. Ultra Clean repeats and re-alleges the allegations of paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. As a result of Celerity's conduct, Ultra Clean has a reasonable apprehension that Celerity plans to file suit against it for infringement of the patents-in-suit and that such suit is imminent. Accordingly, there exists an actual, justiciable and legal controversy between Ultra Clean and Celerity regarding the alleged infringement of the patents-in-suit.

22. Ultra Clean has not directly infringed, induced the infringement of nor been a contributory infringer of any valid claim of the patents-in-suit.

23. Ultra Clean is therefore entitled to a judicial determination and declaration that the Predator™ substrate designs do not infringe any valid claim of the patents-in-suit.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment For Invalidity of the Patents-In-Suit)

24. Ultra Clean repeats and re-alleges the allegations of paragraphs 1 through 23 above as if fully set forth herein.

25. As a result of Celerity's conduct, Ultra Clean has a reasonable apprehension that Celerity plans to file suit against it for infringement of the patents-in-suit and that such suit is imminent. Accordingly, there exists an actual, justiciable and legal controversy between Ultra Clean and Celerity regarding the validity of the patents-in-suit.

26. At least one or more claims of each of the patents-in-suit are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, particularly 35 U.S.C. §§ 102, 103 and/or 112.

27. Ultra Clean is therefore entitled to a judgment declaring that the patents-in-suit are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Ultra Clean requests that the Court enter judgment in their favor and against Celerity on their Complaint as follows:

    A. Declaring that the patents-in-suit invalid;

    B. Declaring that the Predator™ substrate designs do not infringe, and have not infringed, any valid claim of the patents-in-suit;

    C. Enjoining Celerity, their officers, agents, employees, representatives, counsel and all parties acting in concert with them, permanently and during the pendency of this action, from directly or indirectly asserting or charging that the Predator™ substrate designs infringe the patents-in-suit;

    D. Declaring this an exceptional case, under 35 U.S.C. § 285, and rendering an award to Ultra Clean of its reasonable attorneys' fees, expenses and costs in this action;

    F. Granting Ultra Clean such other and further relief as this Court deems just and proper.

DATED: September 2, 2005.

PERKINS COIE LLP

By _____
    Paul J. Andre

Attorneys for Plaintiff
ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.

| | |
|---|---|
| 1 | **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |
| 2 | Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the |
| 3 | named parties, there is no such interest to report. |

DATED: September 2, 2005.

**PERKINS COIE LLP**

By _____
Paul J. Andre

Attorneys for Plaintiff
ULTRA CLEAN TECHNOLOGY SYSTEMS AND
SERVICE, INC.

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS        [BY052450.037]

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Ultra Clean demands a trial by jury of all issues triable of right by jury.

PERKINS COIE LLP

By _____
Paul J. Andre

Attorneys for Plaintiff
ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.