UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CELERITY, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.<br><br>Defendant/Counterclaimant<br><br>and<br><br>ULTRA CLEAN HOLDINGS, INC.<br><br>Defendant. | Case No. 05-CV-04374 MMC<br>(consolidated with No. C-05-CV-03560 MMC)<br><br>**JUDGMENT** |

Before the Court is Celerity, Inc.'s ("Celerity") Motion for Judgment, Including Permanent Injunction, against Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc. (collectively "UCT"). The jury having returned a verdict finding UCT liable for literal infringement of independent claims 1 and 6 of U.S. Patent 6,435,215 (Docket No. 475), ~~and upon~~ and not liable for infringement of claims 1, 2, and of 12 of U.S. Patent 6,394,138, and upon consideration of the post-verdict briefing and arguments submitted by the parties in connection with this Judgment, the Court finds that judgment should be entered as follows:

On the claims asserted in Celerity's Complaint (Docket No. 1), it is Ordered and Adjudged:

    (1)    that Celerity recover from UCT, jointly and severally, the principal sum of $13,900, in accordance with the jury's unanimous verdict;

    (2)    that Celerity recover from UCT, jointly and severally, prejudgment interest in the amount of $ _523.91_ ;

1  (3)  that Celerity recover from UCT, jointly and severally, its full costs of action, to be taxed by the Clerk;

2  (4)  that Celerity recover from UCT , jointly and severally, post-judgment interest at the rate provided by law;

3  (5)  that UCT be and hereby is ordered to account to Celerity for any sales of the Predator product within the United States ~~as of the date of this injunction,~~ between the date of trial and the date of this Judgment including but not limited to, any and all sales pursuant to offers for sale described in the Stipulation And Order Regarding Sales And Offers For Sale By Ultra Clean Technology Systems And Service And Ultra Clean Holdings, Inc. (Docket No. 292) (the "Sales Stipulation") as follows: (i) by providing to Celerity, within thirty (30) days of entry of this Judgment, a report identifying any such sales of the Predator product ("sales" being defined as any transaction for which a purchase order or invoice has been issued, other than the completed sales identified in the Sales Stipulation); (ii) by providing Celerity with copies of all purchase orders, invoices or other sales documents including e-mail to and from any purchasers or offerees that were generated in connection with such sales; (3) by making payment to Celerity at the rate of 8% on any such sales;

4  (6)  that UCT, and each of their officers, agents, servants, employees, and each other person in active concert or participation with either of them, ~~and any other person who receives actual notice of this Judgment by personal service or otherwise~~, are hereby enjoined from engaging in, causing, aiding or abetting the infringement of claims 1 or 6 of U.S. Patent 6,435,215 by making, using, offering for sale or selling the Predator product, including any product that is not colorably different from the Predator product, in the United States and from importing the Predator product, including any product that is not colorably different from the Predator product, into the United States.

~~On the declaratory judgment claims/counterclaims asserted in UCT's Counterclaim or UCT's Complaint (Docket No. 1 in action 05-03560) or subsequent versions thereof, it is Ordered~~

1  ~~and Adjudged that UCT is not entitled to relief, because independent claims 1 and 6 of U.S. Patent~~
2  ~~6,435,215 (Docket No. 475) are valid, enforceable and have been infringed, and claims 1, 2 and 12~~
3  ~~of U.S. Patent 6,394,138 patent are valid.~~

6  Date: __November 30, 2007___         _____/s/ Maxine M. Chesney_____
7                                        UNITED STATES DISTRICT JUDGE